J. S82026/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| D.J., | : | IN THE SUPERIOR COURT OF |
| Appellant | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| H.M. | : | |
| | : | |
| | : | No. 1033 MDA 2016 |

Appeal from the Order Entered May 27, 2016
In the Court of Common Pleas of Cumberland County
Civil Division at No(s): 2016-00803

BEFORE: OTT, DUBOW, AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 11, 2017**

Appellant, D.J. ("Father"), appeals from the May 27, 2016 Order of the

Court of Common Pleas of Cumberland County which granted the Notice of

Proposed Relocation from Pennsylvania to New Mexico filed by Appellee,

H.M. ("Mother"), and ordered the current custody order to remain in place.[1]

After careful review, we conclude the trial court properly analyzed the

sixteen custody factors[2] and the ten relocation factors[3] mandated by the

_____

[*] Retired Senior Judge Assigned to the Superior Court.

[1] The current custody order pertaining to the parties' five-year-old son, B.D.J. ("Child"), provides primary physical custody to Mother with shared legal custody to the parties.

[2] 23 Pa.C.S. § 5328(a).

[3] 23 Pa.C.S. § 5337(h).

Child Custody Act and the record supports the trial court's findings. Therefore, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Mother and Father started dating in May of 2009. Child was born in February of 2011. Shortly thereafter, Mother and Father moved in together. At the time, Father had an approximately two-year-old child from a previous relationship, C.D.J., who would stay with Mother and Father every Wednesday evening and every other Saturday overnight. Mother and Father's relationship ended in September of 2015 and Mother moved to a new home. Mother suggested to Father that Child stay with Father every Wednesday evening and every other Saturday overnight, to mirror C.D.J.'s visitation schedule with Father. Mother and Father informally agreed to this custody arrangement.

Both Mother and Father are in new romantic relationships. On January 11, 2016, Mother married a high school friend, C.P ("Stepfather"), who is in the military and currently stationed at Cannon Air Force Base in Clovis, New Mexico for a period of three years. Father is currently engaged to, and lives with, C.D.J.'s mother.

On February 10, 2016, Father filed a Custody Complaint. On February 18, 2016, Mother served a Notice of Proposed Relocation on Father; she filed the Notice with the trial court on March 18, 2016. On March 2, 2016, Mother and Father filed a Stipulation for Temporary Agreed Order of Custody which

granted Mother and Father shared legal custody of Child, granted Mother primary physical custody of Child, and granted Father visitation on Wednesday evenings and every other Saturday overnight. On March 9, 2016, Father filed a Motion for Mental Examination Pursuant to Pa.R.C.P. [No.] 1915.8 requesting the court to compel Mother to submit to a psychological evaluation, which the trial court denied.

On May 11, 2016, the trial court held a hearing addressing Mother's Notice of Proposed Relocation. On May 27, 2016, the trial court granted Mother's request for relocation. On the same day, the trial court issued a Custody Order and Parenting Plan that, *inter alia*, granted shared legal custody to Mother and Father, granted sole physical custody to Mother, and granted visitation to Father on holidays and during the summer. ***See*** Order, 5/27/16.

Father timely appealed. Both Father and the trial court complied with Pa.R.A.P. 1925.

## ISSUES ON APPEAL

Father raises the following issues on appeal:

1. The trial court committed an error of law when it awarded Mother's request for relocation when Mother failed to carry her burden of proof to demonstrate with relevant and competent evidence that such relocation was in [Child's] best interest.

2. The trial court committed a gross abuse of discretion in awarding relocation and primary custody to Mother, which was contrary to the trial court's factual findings.

3. The trial court committed an abuse of discretion when it made findings of fact unsupported by competent evidence in the record.

4. The trial court committed an abuse of discretion when it failed to order Mother to undergo a psychological evaluation.

5. The trial court committed an error of law when it considered traffic summary offenses and other charges and/or convictions of Father which are not enumerated in § 5329 of the custody statute.

Father's Brief at 4 (capitalization omitted).

## LEGAL ANALYSIS

When reviewing child custody and relocation matters, our standard of review is well settled:

> Our paramount concern and the polestar of our analysis in this case, and a legion of prior custody cases is the best interests of the child. The best interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral and spiritual well-being. On appeal, our scope of review is broad in that we are not bound by deductions and inferences drawn by the trial court from the facts found, nor are we required to accept findings which are wholly without support in the record. On the other hand, our broad scope of review does not authorize us to nullify the fact-finding function of the trial court in order to substitute our judgment for that of the trial court. Rather, we are bound by findings supported in the record, and may reject conclusions drawn by the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court. Further, on the issues of credibility and weight of the evidence, we defer to the findings [of] the trial judge. Additionally, appellate interference is allowed only where it is found that the custody order is manifestly unreasonable as shown by the evidence of record.

*Saintz v. Rinker*, 902 A.2d 509, 512 (Pa. Super. 2006) (citation omitted).

This Court may not interfere with a trial court's conclusions unless they

"represent a gross abuse of discretion." ***Luminella v. Marcocci***, 814 A.2d 711, 716 (Pa. Super. 2002).

The Child Custody Act, 23 Pa.C.S. §§ 5321-5340, governs all custody proceedings commenced after January 24, 2011. ***E.D. v. M.P.,*** 33 A.3d 73, 77 (Pa. Super. 2011). A trial court must consider sixteen custody factors when deciding a Petition for Custody and ten relocation factors when deciding a Petition for Relocation. The party proposing the relocation has the burden of establishing that the relocation will serve the best interest of the child. 23 Pa.C.S. § 5337(i)(1). When both petitions are before the court, a dual analysis of the custody factors and the relocation factors is appropriate, "with the best interest standard as the guide." ***S.J.S. v. M.J.S.***, 76 A.3d 541, 550 (Pa. Super. 2013).

As stated above, we review Father's arguments particularly recognizing that "we are bound by findings supported in the record, and may reject conclusions drawn by the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court." ***Saintz, supra*** at 512.

Father first avers that Mother failed to carry her burden in producing competent evidence that relocation would be in Child's best interest. Father's Brief at 12. Father argues that the trial court "rested a substantial portion of its decision to permit relocation on the fact that Mother wanted to be with her Husband." ***Id.*** A review of the record belies this claim.

On the contrary, the trial court issued a Custody Order with a Parenting Plan that explicitly addressed each of the sixteen custody factors and ten relocation factors. *See* Order, dated 5/27/16. The trial court then concluded:

> The paramount concern in the Parenting Plan was and is the best interest of [Child]. Indeed, all the factors that had a legitimate impact on [Child]'s physical, intellectual, moral and spiritual well-being were considered in the measurement between the competing interests of each parent.
>
>  . . . As indicted in the Parenting Plan, Mother is found to be the more mature parent and provides [Child] with the better opportunity to develop intellectually, morally, and spiritually. This found fact is the distilled essence of the decision.

Trial Court Opinion, dated 7/25/16, at 2 (citation omitted). Our review of the record supports the trial court's findings and conclusions of law. Accordingly, Father's contention of legal error has no merit.

Father next avers that the trial court abused its discretion in awarding relocation and primary custody to Mother when many of the factors weighed in Father's favor. Appellant's Brief at 15. This claim is meritless.

The Custody Act does not indicate that a trial court should grant custody to the parent who has the most factors in their favor. Rather, the standard is the "best interest of the child." 23 Pa.C.S. § 5328(a); 23 Pa.C.S. § 5337(i)(1). Further, "[i]t is within the trial court's purview as the finder of fact to determine which factors are most salient and critical in each particular case." *M.J.M. v. M.L.G.*, 63 A.3d 331, 339 (Pa. Super. 2013) (citation omitted).

The trial court addressed all of the statutorily mandated custody and relocation factors to determine what custody arrangement was in the best interest of Child and a review of the record supports the finding. Contrary to Father's contention, the trial court did not abuse its discretion in considering the relevant factors.

Father next avers that the trial court made several findings of fact that were not supported by competent evidence in the record, including: (1) that Father possessed traits of narcissism, psychopathy, and Machiavellianism; (2) that Father's family and friends suffered from alcohol-fueled issues; and (3) that the military would provide family support and stability. Father's Brief at 17-18.

We review these claims of error keeping in mind that "our broad scope of review does not authorize us to nullify the fact-finding function of the trial court in order to substitute our judgment for that of the trial court. Rather, we are bound by findings supported in the record, and may reject conclusions drawn by the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court." *Saintz, supra* at 512.

Father first argues that the trial court made unsupported findings that he exhibited traits of narcissism, psychopathy, and Machiavellianism. The trial court opines:

> Father's evidenced traits of narcissism, psychopathy and Machiavellianism are supported throughout the record. Father is

opportunistic, coercive, and manipulative, which is demonstrated in his casual movement from one relationship to the next and then back – a hallmark of Machiavellianism. Father's psychopathy is also shown throughout the record and substantiated by his driver's history [and] antisocial behavior. Narcissistic traits shown by Father include his dominance, sense of entitlement and casual integration into multiple sexual relationships. In short, Father is the typical "bad boy" that less mature women find attractive.

Trial Ct. Op. at 4. A review of the record supports these findings. While we may or may not agree with the trial court's conclusions, "we are bound by findings supported in the record." **Saintz, supra** at 512. Therefore, we find no abuse of discretion.

Father next argues that the trial court found that Father's family and friends suffered from "alcohol-fueled issues" without any evidence presented to this issue on the record. Father's Brief at 18. On the contrary, Father's own testimony reveals that three of Father's friends have more than one Driving Under the Influence ("DUI") conviction each, and one of Father's family members has a DUI conviction and an intoxilyzer in his car. N.T. Custody Hearing, 5/11/16, at 119-20. Accordingly, this finding is supported in the record.

Father's last argument is that Mother produced insufficient evidence to support the trial court's conclusion that the military would provide family support and stability. Father's Brief at 18. A review of the record belies this claim. Mother testified, and provided documentation, that Clovis Air Force Base offered several youth recreation programs and child care options. N.T.

at 28; Mother's Exhibit 2. Additionally, Mother testified, "the military is also a very tight knit family. They are always there for you no matter what. And [Stepfather] actually has two friends there that he has already served with at prior bases who have friends and children. So we have a support system." N.T. at 55. Stepfather also testified that the "air force is a family" that provides support and that he had two longtime friends with families who are working on base. *Id.* at 125. Contrary to Father's contention, the trial court's finding is supported in the record.

Father's fourth claim is that the trial court committed an abuse of discretion when it failed to grant Father's Motion for Mental Examination Pursuant to Pa.R.C.P. [No.] 1915.8 and failed to order Mother to submit to a psychological examination. Father's Brief at 18.

The trial court opined: "Pa.R.C.P. [No.] 1915.8 is permissive, not mandatory, and the motion, on its fact, provides no valid reason for such relief. Further, as seen in factor "o" of the Parenting Plan[,] Mother's only known health issue is fibromyalgia." Trial Ct. Op. at 2. We agree.

Pa.R.C.P. No. 1915.8 provides, *inter alia*, that a trial court **may** order any party to submit to an evaluation by an appropriate expert upon motion of any party. We agree with the trial court that Father did not provide a valid basis for the requested relief in his motion, stating merely: "Based upon Father's observations of Mother in the past while a couple and Mother's past history, Father believes it is of utmost importance for Mother to submit

to a psychological evaluation." Father's Motion for Mental Examination Pursuant to Pa.R.C.P. [No.] 1915.8 at 2. As Father failed to provide any specific basis for requesting that Mother submit to a psychological evaluation, the trial court did not abuse its discretion when it denied the Motion.

Father's final claim is that the trial court committed an error of law when it considered traffic summary offenses and other charges or convictions of Father that are not enumerated in 23 Pa.C.S. § 5329 of the Child Custody Act. Father's Brief at 19. We find that Father waived this issue.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Further, "[i]n order to preserve an issue for appellate purposes, the party must make a timely and specific objection to ensure that the trial court has the opportunity to correct the alleged trial error." *Rancosky v. Washington Nat. Ins. Co.*, 130 A.3d 79, 102 (Pa. Super. 2015).

Father argues that the trial court improperly admitted Mother's testimony regarding Father's criminal issues and improperly took judicial notice of Father's entire driving record, including offenses not enumerated in 23 Pa.C.S. § 5329. Father's Brief at 20. However, in both instances Father failed to make a timely objection on the record. N.T. at 16-17, 71. Accordingly, we find this issue to be waived.

In this case, the court issued an Opinion and Custody Order that addressed each of the sixteen custody factors and the ten relocation factors mandated in the Child Custody Act, primarily focusing on the best interest of Child, and the record supports the findings. Therefore, the Custody Order permitting Child to move to New Mexico with his Mother is not manifestly unreasonable nor a gross abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2017